```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DISTRICT 65 PENSION PLAN, et al., | CIVIL ACTION NO. 07-1232 (MLC) |
|  | **MEMORANDUM OPINION** |
| Plaintiffs, |  |
| v. |  |
| DE MARCO CALIFORNIA FABRICS, INC., et al., |  |
| Defendants. |  |

**THE COURT** ordering the parties to show cause why the action should not be transferred to the United States District Court for the Southern District of New York (dkt. entry no. 10); and the plaintiffs, an employee benefit plan ("Plan") and its trustees, bringing this action against the defendants, De Marco California Fabrics, Inc. ("DMC") and the individual DMC shareholders, pursuant to the Employee Retirement Income Security Act ("ERISA") "to collect unpaid withdrawal liability and minimum funding deficiencies from Defendants pursuant to written agreements entered into by Defendants" (Compl., at 1-2); and it appearing that an ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found", 29 U.S.C. § 1132(e)(2), see 29 U.S.C. § 1451(d) (stating ERISA action "may be brought in the district where the plan is administered or where a defendant resides or does business"); and it appearing that this action may

be brought in the District of New Jersey, as the Plan is administered here (Compl., at 3); but

**THE DEFENDANTS** objecting to venue (dkt. entry no. 4, Answer, at ¶ 4 (denying plaintiffs' venue allegation)); and it appearing that this action also may be brought in the United States District Court for the Southern District of New York, as DMC — the employer at issue — is located there, see 29 U.S.C. §§ 1132(e)(2), 1451(d); and

**IT APPEARING** that this action may have been more properly brought in the Southern District of New York, as (1) DMC is a New York corporation with its principal place of business in the Borough of Manhattan (Compl., at 3), (2) any financial records will be found there, (3) the alleged failure to abide by the agreement at issue, and thus the breach, occurred in New York, and (4) citizens there will have an interest in the outcome; and

**IT APPEARING** that New York law will control, in part, because the agreement at issue between the Plan and DMC contains "a choice of law provision designating New York State law as the law governing the relationship between the parties, except where preempted by ERISA" (id. at 9; see id., Ex. A, Agmt., at 29); and it appearing that the plaintiffs, in justifying their claims against the DMC shareholders, (a) assert that DMC is claiming that it "has been liquidated", (b) assert that under New York law the corporate veil may be pierced if the corporate owners

dominated the corporation, and the domination was used to commit fraud, and (c) cite cases from New York state courts in support (Compl., at 5, 10); and it appearing that an arbitration provision in the agreement at issue states that if certain arbitrators are not available, then "the parties shall arbitrate their dispute before the AAA in New York, New York" (id., Ex. A, Agmt., at 23); and it appearing that New York law would be more easily applied in the Southern District of New York; and

**THE COURT** having broad discretion under 28 U.S.C. § 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and it appearing that "§ 1404(a) applies to ERISA actions", and "a finding that an ERISA case may never be transferred under § 1404(a) if it is brought in the forum where the plan is administered . . . is simply not the law", Hanley v. Omarc, Inc., 6 F.Supp.2d 778, 780 (N.D. Ill. 1998) (denying motion to vacate order granting motion to transfer to defendant employer's home venue of New Jersey, even though plaintiff plan administered in Illinois); and thus it appearing that the Court is not bound by the Plan's choice of its home venue, see Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. C.F. Gomma, U.S.A., No. 05-71633, 2005 WL 1838344, at *1-*5 (E.D. Mich. July 29, 2005) (granting motion to transfer to defendant employer's

home venue of Indiana, even though plaintiff plan's headquarters in Michigan); Mincey v. Overhead Door Co., No. 93-1912, 1993 WL 390104, at *1-*4 (E.D. La. Sept. 30, 1993) (granting motion to transfer to employer's home venue of Oklahoma, even though plaintiff plan based in Louisiana); Int'l Bhd. of Painters & Allied Trades Union v. Rose Bros. Home Decorating Ctr., No. 91-1699, 1992 WL 24036, at *1-*2 (D.D.C. Jan. 14, 1992) (granting motion to transfer to defendant employer's home venue of Indiana, even though plaintiff plan based in District of Columbia); and it appearing that DMC's alleged liquidation does not weigh in favor of the Plan's choice of the Plan's home venue, see Hanley, 6 F.Supp.2d at 779 (denying motion to vacate order granting motion to transfer to "dissolved" corporation's home venue); Cent. States, Se. & Sw. Areas Pension Fund v. Heid, No. 93-5854, 1994 WL 55696, at *1 (N.D. Ill. Feb. 17, 1994) (granting motion to transfer to home venue of corporate employer in "bankruptcy proceedings", in action brought by plan against alleged shareholders); and it appearing that the New York factors outweigh the limited New Jersey factors, see Matt v. Baxter Healthcare Corp., 74 F.Supp.2d 467, 468-69 (E.D. Pa. 1999) (granting motion to transfer, even though defendant had registered agent in original venue); and

**THE DEFENDANTS**, in response, stating that "they have no objection to a transfer of venue to the Southern District of New

4

York" (dkt. entry no. 11, 7-6-7 Defs. Resp.); and the plaintiffs, in response, stating that they "will not oppose the transfer of venue to the Souther [sic] District of New York" (dkt. entry no. 12, 7-10-07 Pls. Resp.); and the Court thus intending to transfer the action to the Southern District of New York; and for good cause appearing, the Court will issue an appropriate order.

                                                  s/ Mary L. Cooper
                                                 **MARY L. COOPER**
                                                 United States District Judge